IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

                      CR 03-471-02-RE

        vs.

                      OPINION AND ORDER

LON LEE, et al.,

        Defendants.

Leslie J. Westphal
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, Oregon 97204

    Attorney for Plaintiff

Janet Lee Hoffman
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205

    Attorney for Defendant Lon Lee

REDDEN, Judge:

Defendant Lon Lee has filed a motion seeking relief from a final order of forfeiture of property as to co-defendant Vinh Tran. Lee claims an interest in certain items of the forfeited property and argues her failure to formally assert her third-party claim resulted from excusable neglect by her counsel. For the reasons discussed below, Lee's motion is granted.

## Background

Lon Lee and Vinh Tran are two of multiple defendants who were charged with conspiracy to traffic in stolen property, and receipt, possession, and transport of stolen property. Co-defendant Tran, and all other defendants except Lee, pled guilty and agreed to forfeit their interests in the real and personal property identified in the criminal indictment. The indictment against Lee was dismissed due to her inability to assist in her defense.

The material filed with this court indicates the following relevant sequence of events relating to this motion:

1. On September 5, 2005, a preliminary order of forfeiture covering Tran's interest in the property identified in the indictment was filed. For reasons unrelated to this case, the preliminary order was amended October 5, 2005. The government published notice of intent to dispose of the property in the Daily Journal of Commerce. The notice advised third parties of their right to petition the court within 30 days for a hearing to adjudicate the validity of any claims they may have against the property.

2. The notice was mailed, return receipt requested, to Ms. Hoffman, and received by her on October 14, 2005. On October 17, 2005, the District Court's

Page 2 – OPINION AND ORDER

Electronic Court Filing system also electronically sent to Ms. Hoffman's office, to both janet@hoffman.com and kari@hoffman.com, a copy of the notice.

    3.    On October 16, 2005, I conducted a hearing regarding Lee's competency. U.S. Attorney Frank Noonan agreed with Ms. Hoffman's assertion that Lee was unable to assist in her defense. Mr. Noonan said he would prepare the motion for dismissal of the indictment within ten days because he wanted first to consult with the U.S. Attorney's Office Civil Division regarding the forfeiture matter.

    4.    On October 28, 2005, the Federal Public Defender granted Ms. Hoffman's request that her office be officially appointed Lee's attorneys in the forfeiture matter.

    5.    On November 2, 2005, I granted the government's motion to dismiss the indictment against Lee.

    6.    On November 15, 2005, I signed and the government filed the final forfeiture order as to Vinh Tran.

The forfeiture order covers real property; $538,977.78 in cash; stolen property valued at $500,000; and three rings valued at $7,450. Lee claims an interest in the cash and rings.

Ms. Hoffman offers several explanations for her failure to formally assert Lee's claim against the forfeited property:

    (a)    She asserts Mr. Noonan told her before the competency hearing that he did not know the best manner to proceed with the forfeiture in light of the dismissal of Lee's case. She asserts Mr. Noonan told her he would confer with Leslie Westphal of the Civil Forfeiture Section and that Ms. Westphal would contact Ms. Hoffman. In his affidavit filed with the court, Mr. Noonan states he has no recollection of telling Ms.

Page 3  –  OPINION AND ORDER

Hoffman that anyone, including Ms. Westphal, would contact her. He says he simply told her that the forfeiture case would be handled by Ms. Westphal. Ms. Hoffman further asserts the U.S. Attorney's Office was at all times aware that Lee had already asserted her interest in certain items of property subject to forfeiture and that she would continue to do so irrespective of the outcome of the criminal case against her.

(b) She admits her office received the Tran forfeiture notice by U.S. mail and also received electronic notification. However, the paper notice was filed with documents relating to co-defendants and failed to get the attention of counsel. The electronic mail notification was not recognized as relating directly to Lee. Ms. Hoffman asserts her mishandling of the notice resulted from the fact the government did not list Lee in the case caption of the notice.

### Fed. R. Civ. P. 60(b)(1)

Lee brings her motion under Fed. R. Civ. P. 60(b)(1), which permits the court to relieve a party from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. A third party may bring a collateral attack on a final judgment of criminal forfeiture under 21 U.S.C. § 853(n).

Whether relief is justified under Rule 60(b)(1) rests within the sound discretion of the court. Casey v. Albertson's, Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). That discretion is broad. Indeed, in upholding the district court's conclusion that failure to read and understand a court rule was not excusable neglect, the Ninth Circuit has said:

> Here the district court would not necessarily have erred had it decided that excusable neglect (or good cause) was shown. But it decided that neither was. That conclusion certainly was not error. Indeed, it was much closer to being rhadamanthine than the opposite conclusion would have been.

Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 887 (9th Cir. 2001).

In 1993, the Supreme Court changed the traditional interpretation of "excusable neglect" for purposes of failure to comply with a deadline. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993).[1] The Court called for an equitable analysis and a broader interpretation of "excusable neglect," eliminating any prior per se rule that excusable neglect is limited to omissions caused by circumstances beyond the control of the movant. Id. at 392. The Court held that "neglect" has its ordinary expected meaning, which includes negligence, carelessness, and inadvertent mistake, and that Congress intended the courts be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness as well as by intervening circumstances beyond the parties' control. Id. at 388. The Court said that "excusable neglect" is to be understood to encompass situations where the failure to comply with a filing deadline is attributable to negligence. Id. at 394.

In order to determine whether "neglect" is "excusable," the Court suggested an equitable analysis that would take into account the relevant circumstances: (1) the danger of unfair prejudice; (2) the length of the delay; (3) the reasons for the delay; and (4) whether the movant acted in good faith. Id. at 395.

Thereafter, the Ninth Circuit Court of Appeals noted Pioneer had changed Ninth Circuit law on "excusable neglect." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (application of per se rule and failure to apply Pioneer's equitable

---

[1] Although Pioneer did not arise in the context of Rule 60(b), the Ninth Circuit as held the equitable test for "excusable neglect" set forth in Pioneer has equal force and application in the Rule 60(b) context. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997) (per curiam).

Page 5 – OPINION AND ORDER

factors was abuse of discretion). The court noted that before Pioneer, it had held that "ignorance of court rules does not constitute excusable neglect" and had applied a per se rule against the granting of relief when a party failed to comply with a deadline. Id. at 381. After Pioneer, the term "neglect" must cover cases of negligence, carelessness, and inadvertent mistake." Id. The court applied the four-part equitable test of Pioneer to determine whether neglect is "excusable" under Rule 60(b)(1). Id. The court noted that although the four factors are not exclusive, they provide a framework with which to determine whether missing a filing deadline constitutes "excusable neglect." Id.

Following Briones, the Ninth Circuit held the district court abused its discretion when it failed to apply the equitable test of Pioneer to determine whether an attorney's failure to comply with a filing deadline constituted "excusable neglect." Bateman v. United States Postal Service, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Id. at 1222. The court held that although the attorney's reason for the delay was weak[2], the rest of the equities weighed in favor of granting relief. The court reiterated and accepted the conclusions in Briones that there is no more per se rule; that "neglect" covers negligence, carelessness, and inadvertent mistake; and that the Pioneer equitable test must be applied. Id. at 1224.

---

[2] The attorney's reason was that he had to make a 19-day trip to Nigeria for a family emergency. The court said the reason was weak because, even though the attorney knew the summary judgment response was due, he failed to seek an extension from the court, and then failed to contact the court or defendant for 16 days after his return to explain his absence. Bateman at 1222-23.

**Discussion**

Ms. Hoffman's failure to timely respond to the preliminary notice of forfeiture resulted from her negligence. This is not a case of counsel misunderstanding or misreading a procedural rule or the law.

The notices she admittedly received were negligently misdirected at her office and did not catch her attention. I am unwilling to conclude the misdirection was the government's "fault" for failure to include Lee on the case caption. I have noted, during many years on the bench, that there is little consistency in multiple defendant cases regarding which defendants are listed in case captions for filings applicable to only one or a few of the defendants. Further, as she herself points out, Ms. Hoffman had always intended to claim an interest in any property to be forfeited by Tran. Therefore, she should have been on the look-out for anything filed by or against Tran. Instead, she missed the communications, including regular mail and electronic notifications, that would have alerted her to the government's filing of the preliminary notice of forfeiture as to Tran.

I also conclude Ms. Hoffman's neglect was "excusable." In this case, the prejudice to the government is minimal. The government now merely has to litigate Lee's claim on the merits. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (rejecting claim of prejudice from two week delay between entry of default judgment and filing of Rule 60 motion because "we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory"). The length of delay is also minimal. The final order of forfeiture was

entered on November 15, 2005, and Ms. Hoffman filed her motion for relief on November 22, 2005. Finally, there is no indication that Ms. Hoffman acted with anything less than good faith. Her errors resulted from carelessness and negligence, not bad faith.

I conclude that the circumstances described by Ms. Hoffman regarding her failure to timely assert Lee's interest in Tran's forfeited assets constitute "neglect" under Ninth Circuit law, and that that "neglect" was excusable under the four-part equitable analysis of Pioneer. My conclusions are in accordance with this circuit's admonishment that, as a general matter, Rule 60(b) is remedial in nature and must be applied liberally. TCI Group Life. Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001). A case, whenever possible, should be decided on the merits. Id. at 696.

For the reasons discussed above, defendant Lee's motion (doc. 583) for relief from final judgment of forfeiture is GRANTED. The final order of forfeiture of Vinh Tran is vacated as to Lon Lee. Lee's response to the amended preliminary order of forfeiture is due February 15, 2006.

IT IS SO ORDERED.

Dated this   17th    day of January, 2006.


                /S/  James A. Redden
                James A. Redden
                United States District Judge