IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                          CR 03-471-RE

             Plaintiff,                          OPINION AND ORDER

v.

LON LEE, et al.,

             Defendant.

_____

REDDEN, Judge:

This is a criminal forfeiture action in which the government seeks a final order of

forfeiture as to two pieces of real property seized pursuant to the conviction of one Vinh Tran

("Defendant").  United States v. Vinh Tran, CR 03-471-02-RE.  On August 14, 2006, Lon Lee

("Petitioner") filed a Claim and Petition Asserting an Interest in Seized Property (doc. 671)

pursuant to 21 U.S.C. § 853(n)(2).

The matter before the court is the United States' Motion to Dismiss Petition of Lon Lee as

to Real Properties Located as Belmont Street and Virginia Avenue (doc. 673) pursuant to Fed.

PAGE 1 - OPINION AND ORDER

Crim. P. 32.2 and Fed. R. Civ. P. 12(b)(6) for lack of standing.  Oral argument was held

September 21, 2006.  For the reasons that follow, the government's motion is GRANTED.

## Background

Lon Lee ("Petitioner") and Vinh Tran ("Defendant") were married in South Vietnam in

June 10, 1967, and subsequently moved to Oregon.  On July 19, 1984, Petitioner filed for

divorce, and the and the marriage dissolved in May, 1985.  The divorce decree divided the

marital assets and awarded sole custody of the couples' four children to Petitioner.  The decree

also directed Defendant to pay monthly child support payments.  Petitioner and Defendant were

living at different addresses at the time of the divorce.  There is no record of any subsequent

remarriage.

On November 29, 1988, Defendant purchased real property located at 2533-2535 S.E.

Belmont Street, Portland, Oregon ("Belmont property").  Title was placed in his name alone.  On

May 10, 1989, Defendant purchased another parcel located at 7233 S.W. Virgina Avenue,

Portland, Oregon ("Virginia property").  Again, title was placed in Defendant's name only.  At no

time was legal title to either of the properties vested in Petitioner.  Petitioner does not allege that

she contributed any funds to help Defendant purchase the property.

In October 2003, Petitioner and her former husband Vinh Tran were indicted, along with

several others, with crimes arising from interstate transportation of stolen property and sale or

receipt of stolen property in violation of 18 U.S.C. §§ 2, 371, 2314, and 2315.  Pursuant to

21 U.S.C. § 853, the indictment included a criminal forfeiture clause, which specified several

items of Defendant's real and personal property—including the Virginia and Belmont

properties—that were subject to seizure by the United States as proceeds of Defendant's alleged

PAGE 2 - OPINION AND ORDER

criminal violations.[1]

On September 6, 2005 Defendant pleaded guilty to Misprison of a Felony, in violation of

18 U.S.C. § 4.  Pursuant to a plea agreement, Defendant agreed to immediately forfeit all right,

title, and interest in both the Virginia and Belmont properties.  On October 5, 2005, this court

entered a Preliminary Order of Forfeiture.

On October 16, 2005, the court conducted a competency hearing for Petitioner.   The

United States and Defendant's counsel agreed that she was unable to assist in her defense.

Accordingly, the court dismissed the indictment against Petitioner.

As required under the criminal forfeiture statute, the United States published notice of the

forfeiture action against Defendant, advising any third parties of their right to petition the court

within 30 days for a hearing to adjudicate the validity of any claims they may have against the

property.  See 21 U.S.C. § 853(n).  Because no one filed a petition claiming an interest in

Defendant's property, this court entered a Final Order of Forfeiture vesting title to the Belmont

and Virginia properties in the United States on November 15, 2005.

Two days later, Petitioner filed a Fed. R. Civ. P. 60(b)(1) motion, seeking relief from the

court's final order of forfeiture.  On January 17, 2006, the court found "excusable neglect" on the

part of Petitioner's counsel and granted her motion for permission to file an untimely third-party

petition of interest in the forfeited property.  On April 4, 2006, the court appointed a guardian ad

litem to file a petition on Lee's behalf due to her mental illness.  The court also stayed the

---

[1]Along with the Belmont and Virginia properties, the indictment specified several other
items belonging to Defendant that were subject to forfeiture, including: 1) $538,977.78 in U.S.
Currency; 2) Stolen property valued at $500,000 stored at Public Storage, 3508 SW Moody
Street, Portland, Oregon, Units F458 and E451; and 3) three rings valued at $7,450.00.

proceedings until June 5, 2006 to allow the guardian time to adequately prepare a petition.

On August 14, 2006, Lon Lee finally filed a Petition Asserting an Interest in Seized Property.  In her Petition, Lon Lee claimed an equitable ownership interest in both the Belmont and Virginia properties as the beneficiary of either 1) a resulting trust, or 2) a constructive trust.[2] Although the properties are in Defendant's name, the petition states that the properties belong to the entire family, according to Viet-Chinese custom.  Petitioner maintains that despite their divorce, Defendant and Petitioner agreed to administer the properties for the benefit of the entire family with the expectation that all members of the family, including Petitioner, retained an interest in both properties.  Petitioner contends that at the time Defendant purchased the properties, the couple agreed that Defendant would contribute through his income and she would contribute by caring for the children and the household.

## Motion to Dismiss

On August 22, 2006, the United States filed the present Motion to Dismiss the Petition of Lon Lee as to Real Properties Located at Belmont Street and Virginia Avenue. The government argues that Petitioner has failed to establish a legally recognizable property interest that would entitle her to relief, and therefore does not have standing to claim an interest in the real property subject to forfeiture.

## Legal Standards

Following the entry of an order of criminal forfeiture, any person asserting a legal interest in the property may petition the court for a hearing to adjudicate the validity of the claim.

---

[2] Petitioner also filed a claim of interest in the three rings valued at $7,450.00.  The United States does not dispute Petitioner's standing with respect to her alleged interest in the rings.

See 21 U.S.C. § 853(n)(2).  A third-party seeking to challenge a criminal forfeiture of property

must demonstrate by a preponderance of the evidence that she had a vested legal right, title, or

interest in the property at the time of the commission of the acts giving rise to the forfeiture.[3]

Id. § 853(n)(6)(A); United States v. Nava, 404 F.3d 1119, 1129 (9th Cir 2005).  Interests

imposed by equity qualify as legal interests in the context of criminal forfeiture proceedings.

Nava, 404 F.3d at 1131 n.7.  A court cannot create additional grounds for relief.  United States v.

Hooper, 229 F.3d 818, 822-23 (9th Cir. 2000).

   "Article III standing must be determined as a threshold matter in any federal case."

Nevada v. Burford, 918 F.2d 854, 856 (9th Cir. 1990).  Standing to intervene in a forfeiture case

requires a petitioner to establish sufficient interest in the asset to satisfy the case or controversy

requirement of Article III of the Constitution.  United States v. Real Property Located at 5208

Los Fanciscos Way, 385 F.3d 1187, 1191 (9th Cir. 2004).  The petitioner's burden to

demonstrate constitutional standing is "not a heavy one; the claimant need demonstrate only a

colorable interest in the property."  Id.  Ownership interests are determined by state law.  Id.;

Nava, 404 F.3d at 1127.

   If a third party "fails to allege in its petition all elements necessary for recovery,

including those related to standing, the court may dismiss the petition without providing a

hearing." United States v. BCCI Holdings (Luxembourg), S.A., 919 F. Supp. 31, 36 (D.D.C.

---

[3]A petitioner may also prevail by establishing that she was a bona fide purchaser without cause to believe the property was subject to forfeiture, but Petitioner makes no such claim. See 21 U.S.C. § 853(n)(6)(B).

PAGE 5 - OPINION AND ORDER

1996).  Under Federal Rule of Civil Procedure 12(b)(6),[4] a court may appropriately dismiss a

claim only if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of

the claim which would entitle h[er] to relief."  McGarry v. City of Portland, 386 F.3d 1259, 1261

(9th Cir. 2004).  "The issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of

the pleadings that a recovery is very remote and unlikely but that is not the test."  Jackson v.

Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

(1974)).  When evaluating the sufficiency of complaint for the purposes of a motion to dismiss,

all allegations of material fact in the complaint are taken as true and construed in the light most

favorable to the plaintiff.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

**Discussion**

While acknowledging that Defendant is the sole property owner listed on the Belmont

and Virginia property titles, Petitioner alleges an equitable ownership interest in both properties

as the beneficiary of a resulting trust.  Lon Lee maintains that the circumstances surrounding

Defendant's acquisition and retention of title, including Viet-Chinese custom and Petitioner's

contribution to the household and as a mother, are sufficient evidence of an intent to create a

resulting trust.  I disagree.

A resulting trust arises where a beneficiary's contribution to the purchase of property is

not intended to confer absolute ownership to the title holder.  Belton v. Buesing, 240 Or. 399,

---

[4]When considering a motion to dismiss a petition in a criminal forfeiture proceeding, courts apply the standards set forth in Federal Rule of Civil Procedure 12 because the forfeiture proceeding is essentially civil in nature.  United States v. BCCI Holdings (Luxembourg), S.A., 69 F. Supp. 2d 36,54-55 (D.D.C. 1999).

PAGE 6 - OPINION AND ORDER

405-06 (1965).  In Oregon, a resulting trust is one where property is purchased with the funds of one party, but title is taken in the name of another.  Shipe v. Hillman, 206 Or. 556, 564 (1955); Holohan v. McCarthy, 130 Or. 557, 588 (1929).  Evidence that the non-title holder actually expended funds must be clear, unequivocal, and convincing.  Shipe, 206 Or. at 564; see also Holohan, 130 Or. at 588 ("[E]vidence that the money was furnished by and was expended for the alleged beneficiary, must be clear and convincing.").  Intent to create a trust may be inferred solely from the conduct of the parties or other relevant circumstantial evidence at the time of conveyance.  Certified Mortgage Co. v. Shepherd, 115 Or. App. 228, 235 (1992).  If a resulting trust arises at all, it must be at the time of the conveyance; a resulting trust may not be created nor established by subsequent acts of any of the participants.  Shipe, 206 Or. at 565.

Here, Petitioner cannot prove any set of facts which would support the finding of a resulting trust because Petitioner does not allege any contribution of funds to the acquisition of the property.  Three years before Defendant purchased the property, the parties were divorced and the marital assets were divided.  Ms. Lee does not allege that any of the marital assets were used to purchase the property.  Petitioner does not cite, nor is the court aware of any legal authority to support her claim that her contributions in the form of ordinary household services and childcare can give rise to a resulting trust in Oregon.  Further, because the divorce decree awarded her sole custody of the children, Lon Lee was already obligated to care for her children. In any event, Petitioner cannot rely on her continued household contributions or the fact that the parties "were administering the properties jointly for the joint benefit of their children" because a resulting trust may not be established by subsequent acts of any of the participants.  Shipe, 206 Or. at 565; Lon Lee Petition, ¶ 8.

PAGE 7 - OPINION AND ORDER

In addition, Petitioner has not cited, nor is the court aware of any pertinent legal authority that supports the proposition that a resulting trust may be imposed by the operation of foreign custom. Petitioner's reliance on <u>Shayegan v. Baldwin</u>, 237 N.J. Super. 47 (1989), is misplaced. In that case, a tax court imposed a resulting trust in a stock account favor of the wife even though the account was in the husband's name. <u>Id</u>. at 48-49. The evidence of foreign custom in that case was of little consequence. The court's decision turned on the fact that both parties acknowledged that the funds in the husband's account were originally deposited by the wife and held in the husband's name merely for management purposes. <u>Id</u>. The court concluded that "a resulting trust will be declared in favor of the one paying the purchase price of property transferred to another." <u>Id</u>. Here, Petitioner does not allege the contribution of any funds to the purchase of the properties. The facts pleaded by Petitioner, accepted as true for purpose of this motion, cannot support the imposition of a resulting trust in her favor because she failed to allege a necessary element of the claim.

Petitioner also alleges an equitable ownership interest as the beneficiary of a constructive trust as an alternative theory of relief. Petitioner claims "[i]t was understood by the entire family . . . (1) that the properties were family properties . . . and (2) that Mr. Tran and Ms. Lee were administering the properties jointly for their joint benefit and the benefit of their children." Lon Lee Petition, ¶ 8.

"A constructive trust arises where a person who holds title to property and is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." <u>Barnes v. Eastern & Western Lumber Co.</u>, 205 Or. 553, 596 (1955); <u>see</u> <u>also</u> <u>Shipe</u>, 206 Or. at 565 (quoting 54 Am. Jur. Trusts § 233) ("A constructive trust arises

PAGE 8 - OPINION AND ORDER

where a conveyance is induced on the agreement of a fiduciary or confident to hold in trust for reconveyance or other purpose, where the fiduciary or confidential relationship is one upon which the grantor justifiably can and does rely, and where the agreement is breached . . . .").  In Oregon, a constructive trust claim requires proof of three elements: 1) existence of a confidential or fiduciary relationship; 2) violation of a duty imposed by that relationship; and 3) failure to impose a constructive trust would result in unjust enrichment.  Brown v. Brown, 206 Or. App. 239, 251 (2006).  Those three elements combined, however, do not create an independent substantive right.  Id.; Barnes, 205 Or. at 596-97.  A claimant seeking to impose a constructive trust must "separately establish the existence of a particular species of substantive right that has been violated under circumstances that justify the imposition of an exceptional equitable remedy."  Brown, 206 Or. App. at 251.

Here, Petitioner has failed to allege facts sufficient to support a finding of a constructive trust because she has failed to allege an underlying substantive right to the properties that would justify the imposition of an exceptional remedy.  Petitioner acknowledges that she has never held legal title to the properties in question.  She did not contribute financially to the purchase of the properties, and there is no evidence that any marital assets were used to purchase the properties. "A constructive trust is merely a procedural device to which the courts resort in order to effect restitution of property,"  Barnes, 205 at 594, but Petitioner had no vested property right to be restored.

Petitioner alleges "[i]t was understood by the entire family . . . that the properties were owned by Mr. Tran, Ms. Lee, and their children." Lon Lee Petition, ¶ 8.  Petitioner does not allege sufficient facts to support the conclusion that this understanding imposed a duty upon

PAGE 9 - OPINION AND ORDER

Defendant to convey any interest in the properties to his ex-wife, whom he divorced nearly three years before he purchased the property in question.  Petitioner does not allege Defendant promised to convey any interest in the property to her.  Defendant may have agreed to administer the property for Petitioner's benefit, but that does not create a recognized property right in Petitioner.  Furthermore, Petitioner has not alleged facts that would support a conclusion that Defendant would be unjustly enriched if he were permitted to retain the property.  Indeed, Petitioner acknowledges that Mr. Tran, as the title holder, had the power to sell the property without her approval.

Before imposing a constructive trust, Oregon courts require clear and convincing evidence that "money was furnished by and expended for the alleged beneficiary."  Holohan, 130 Or. at 588.  Here, there is no such evidence.  Petitioner has not cited any legal authority to support the conclusion that the provision of ordinary household services can give rise to a recognized legal ownership.  Petitioner's alleged contribution in the form of childcare services cannot support a finding of a vested property right in her favor because she had sole custody of the children pursuant to the divorce decree and she was already required to care for her children.

Finally, Petitioner has not cited, nor is the court aware of, any Oregon case law supporting the finding of a constructive trust where a claimant does not allege rightful ownership or wrongful conduct on the part of a trustee. See McDonald v. McDonald, 57 Or. App. 6, 9-10 (1982) ("A constructive trust may be imposed only when the putative trustee holds property which rightfully belongs to another and is thereby unjustly enriched."); Sheldon v. Sheldon, 163 Or. App. 256, 266 (1999) ("A constructive trust will be imposed by a court against one who by wrongful conduct has obtained or holds legal right to property which he ought not to enjoy in

PAGE 10 - OPINION AND ORDER

good conscience and equity.").  Petitioner acknowledges that she did not contribute funds to the

acquisition of the properties.  Nor has she ever held a vested legal ownership interest in the

properties.  In other words, Petitioner has failed to "separately establish the existence of a

particular species of substantive right that has been violated under circumstances that justify the

imposition of an exceptional equitable remedy."  <u>Brown</u>, 206 Or. App. at 251.

Conclusion

Accepting her pleadings as true for the purpose of this motion, Petitioner has failed to

assert a vested property or ownership interest in the real properties which has been ordered

forfeited from Defendant. Her petition as to the Belmont and Virginia Properties is insufficient

as a matter of law, and is DISMISSED.

IT IS SO ORDERED.

DATED this <u>10th</u> day of October, 2006.

/s/ James A. Redden
James A. Redden
United States District Judge

PAGE 11 - OPINION AND ORDER